UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARTECA RESTAURANTS, LLC; and<br>BARCELONA RESTAURANT GROUP<br>LLC, | ) <br> ) <br> ) | No. 14-cv-604 (JBA) |
| Plaintiffs, | ) | |
| v. | ) <br> ) | |
| MILONGA AREPAS & TAPAS, INC.,<br>D/B/A/ BARCELONA WINE & TAPAS, | ) <br> ) <br> ) | |
| Defendant. | ) | March 12, 2015 |

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AND ISSUANCE OF PERMANENT INJUNCTION**

Plaintiffs move for Default Judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against Defendant Milonga Arepas & Tapas, Inc. d/b/a/ Barcelona Wine & Tapas.  Having considered the factual allegations of the Complaint, the Affidavits submitted in support of the Motion, and the Memorandum of Law submitted with the Motion, the Court grants the Motion for Judgment by Default and enters a permanent injunction.

This action was commenced by service of Summons and Complaint on Defendant on May 8, 2014 and no appearance or other responsive pleading has been served, despite Defendant's apparent actual knowledge of this litigation.  Defendant was given notice of the Motion for Entry of Default, and of the Motion for a Default Judgment in accordance with the requirements of Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Default entered against Defendant on June 13, 2014, and to date there has been no motion to set it aside or any further response from Defendant.  Defendant also has failed to respond to the Motion for Default Judgment to date.

By virtue of the entry of Default, the Defendant may not challenge any of the factual allegations supporting the Plaintiff's claims for relief which are accepted as true for the purposes of this motion.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

The Court finds that Plaintiffs have submitted adequate proof to establish that they are the owners of legally-protectable registered and unregistered marks including "barcelona" and "Barcelona Restaurant & Wine Bar," which Plaintiffs have used in connection with their restaurant business for over 20 years. Plaintiffs have shown that since approximately mid-April 2014, Defendant has been operating a restaurant under the name "Barcelona" or "Barcelona Wine and Tapas," located at 74 Mamaroneck Avenue, in White Plains, New York, which it has promoted at www.barcelonawhiteplains.com.  Plaintiffs have established that Defendant operated this restaurant under another name prior to adopting this "Barcelona" name.

Plaintiffs have further demonstrated that Defendant's restaurant has a tapas and Mediterranean menu similar to that of Plaintiffs' restaurants, and is within the same geographic market served by several of Plaintiffs' restaurants (Fairfield, Greenwich, Stamford and South Norwalk).

Given the similarity of names, businesses, menu fare, geographic proximity and evidence of actual consumer confusion, Plaintiffs have shown that the use by Defendant of similar names, including "Barcelona" and "Barcelona Wine & Tapas," is likely to cause confusion among consumers as to whether Defendant is affiliated with or sponsored by Plaintiffs, and is likely further to cause confusion as to the true owners of the mark "Barcelona."

The Court therefore finds that Defendant has committed and is committing trademark infringement, passing off, tarnishment, and unfair competition, in violation of 15 U.S.C. § 1125(a), as well as unfair and deceptive trade practices, in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.* Defendant's dismissive response to Plaintiffs' notice of infringing conduct establishes that Defendant's actions continue to be taken willfully, with knowledge, and in bad faith.

As remedy, Plaintiffs seek to permanently enjoin Defendant from continuing to engage in actions constituting trademark infringement, passing off, tarnishment, cybersquatting, and unfair trade practices. Plaintiffs reasonably believe that the Defendant's use of the name "Barcelona" and "Barcelona Wine & Tapas," if allowed to continue may cause them damages in the form of lost revenue, lost customers, lost goodwill and irreparable harm to their reputation.  Plaintiffs have established that no remedy exists at law which would adequately compensate them for these damages, and that they will continue to suffer irreparable harm unless Defendant is permanently enjoined from use of "Barcelona" and "Barcelona Wine & Tapas" as its restaurant name in its current location and in related social media and other advertisements.  Plaintiffs have shown that an equitable remedy in the form of a properly tailored permanent injunction is warranted, as the balance of hardships resulting from such injunction tilts decidedly in favor of the Plaintiffs, and the interest of the public is avoiding infringement of trademarks and consumer confusion, without undue hardship to Defendant.

Plaintiffs claim to have incurred attorneys' fees and costs of $15,726.51 in enforcing their rights against Defendant.  No documentation is submitted to allow the Court to assess whether such attorneys' fees and costs are reasonable under the

circumstances or why this case should be found "exceptional" and warranting attorney fees under 15 U.S.C. § 1117(a).  This judgment may be amended on motion with adequate documentation by Plaintiffs.  Defendant Milonga Arepas & Tapas, Inc. dba Barcelona Wine & Tapas is liable to Plaintiffs for reasonable attorney fees' and costs in amounts to be determined.

Accordingly, the Court orders:

A. JUDGMENT BY DEFAULT shall be entered, pursuant to Federal Rule of Civil Procedure Rule 55(b)(2), in favor of Plaintiffs Barteca Restaurants, LLC and Barcelona Restaurant Group LLC against Defendant Milonga Arepas & Tapas, Inc dba Barcelona Wine & Tapas;

B. A PERMANENT INJUNCTION shall enter against Defendant Milonga Arepas,& Tapas, Inc., along with its officers, shareholders, agents, and all persons or entities acting in concert with or at the direction of Defendant as follows:

1. Defendant is enjoined from using or continuing to use the terms "Barcelona," "Barcelona Wine & Tapas," or any mark or name which contains "Barcelona" or is otherwise confusingly similar to Plaintiffs' marks (including "Barcelona" and "Barcelona Restaurant & Wine Bar") for the name of or in connection with any restaurant establishment within Westchester County, New York with tapas, Iberian or Mediterranean cuisine, or wines, similar to those offered or promoted by Plaintiffs, including on the premises, in signage, in print, online, or for any other restaurant advertising or promotional or marketing purposes;

2. Defendant is enjoined from using or continuing to use the term "Barcelona, "Barcelona Wine & Tapas," or any mark which contains "Barcelona" which is confusingly similar to any of Plaintiffs' Registered and Unregistered marks "Barcelona" or "Barcelona Restaurant & Wine Bar'), for or in connection with any advertising, promotion, or marketing;

3. Defendant is enjoined from using or continuing to use the word "Barcelona," or any word or term confusingly similar to "Barcelona" or to Plaintiffs' marks, in any Internet Domain Name, including but not limited to www.barcelonawhiteplains.com;

4. Defendant is enjoined from committing any acts, or continuing any acts, or committing any future acts of infringement, passing off, tarnishment, cybersquatting or unfair competition with respect to Plaintiffs' Registered or Unregistered Barcelona marks or name; and,

. 5. Defendant is permanently enjoined to remove and destroy within thirty (30) days of this Order all signage or other materials which include the word "Barcelona," including on any internal or external signs, menus, listings, or any other tangible or intangible material used by Defendant, including

removing Defendant's related internet and social media material using "Barcelona" or "Barcelona Wine & Tapas."

                                    IT IS SO ORDERED.

                                    /s/_____
                                    Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of March 2015.